## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

## AUSTIN DIVISION

| | | |
|---|---|---|
| IRA DALE WILLIAMS, | § | |
|      Petitioner, | § | |
| | § | |
| V. | § | A-06-CV-118-LY |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Dept. of | § | |
| Criminal Justice-Correctional | § | |
| Institutions Division, | § | |
|      Respondent. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum in Support of Petition (Document 2); and Respondent's Answer (Document 9). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to the judgments and sentences of the 299th Judicial District Court of Travis County, Texas, in cause number 9014242, styled The State of Texas v. Ira Dale Williams. Ex parte Williams, Appl. No. 63,136-01 at 19, 24, 29. On August 12, 2002, a jury convicted Petitioner of the offenses of sexual assault of a child, indecency with a child by contact, and indecency with a child by exposure. Id. Petitioner was subsequently sentenced to three concurrent thirty-year terms of imprisonment in state prison. Id.

Petitioner appealed his convictions to the Third Court of Appeals of Texas, and the court affirmed his convictions on April 1, 2004. Williams v. State, No. 03-02-00561-CR, 2004 WL 635262 (Tex. App.–Austin 2004). Petitioner filed a petition for discretionary review with the Texas Court of Criminal Appeals on July 14, 2004, and the Court of Criminal Appeals refused his petition on August 31, 2004. Williams v. State, P.D.R. No. 0627-04 (Tex. Crim. App. 2004). Petitioner subsequently filed a petition for writ of certiorari, which the United States Supreme Court denied on March 21, 2005. Williams v. Texas, 544 U.S. 927, 125 S. Ct. 1652 (2005).

**B.    Factual Background**

The factual background of this case is found in the Court of Appeals opinion and is repeated below.

> The complainant, T.B., testified that she was standing at a bus stop in April 2001 when Petitioner drove up and offered her a ride to school in his car. T.B., who was then fourteen years old, accepted the offer. After parking outside T.B.'s middle school, she and Petitioner sat in the car and listened to music, and he masturbated.

Petitioner began to meet T.B. on a regular basis. About one week after they met, she agreed to touch his penis. Later, Petitioner touched T.B.'s genitals and penetrated her with his finger. Three weeks after they met, Petitioner and T.B. had sexual intercourse for the first time. T.B. testified that she and Petitioner repeatedly engaged in sexual intercourse in appellant's car, in a motel room, and in a storage shed at Petitioner's place of employment. T.B. said that she told Petitioner she was fourteen, and that he told her he was thirty-five.

T.B. disclosed her relationship with Petitioner to her mother and stepfather in June 2001. Her parents drove to the used car lot where Petitioner worked to confront him. The stepfather testified that Petitioner initially denied having sex with T.B. but later said, "I didn't know. She didn't look like that." Petitioner told T.B.'s stepfather he was sorry. The following month, T.B.'s stepfather saw Petitioner parked near the apartment building where the family lived.

Petitioner's supervisor at work, William Payne, testified that during June 2001 Petitioner came to work almost daily with a female who would remain in his car all day. Payne overheard Petitioner's conversation with T.B.'s parents and later questioned him about their accusations. Payne testified that Petitioner said, "She told me she was 18."

T.B. was examined by pediatrician Beth Nauert. The doctor testified that her findings were consistent with the acts of penetration described by T.B.  The jury found appellant guilty of penetrating T.B.'s sexual organ with his penis, of causing her to touch his genitals, and of exposing his genitals to her.

Williams v. State, No. 03-02-00561-CR, 2004 WL 635262, *1-2  (Tex. App.–Austin 2004).

## C.    Petitioner's Grounds for Relief

Petitioner raises the following grounds for relief:

1.    Petitioner's convictions were obtained unconstitutionally through the prosecution's failure to disclose evidence;

2.    Petitioner's convictions violate the prohibition against double jeopardy;

3.    Petitioner was denied effective assistance of counsel; and

4.    The evidence was insufficient to support Petitioner's convictions.

D.      **Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application.

## DISCUSSION AND ANALYSIS

A.      **The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254.  Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)).   The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court.   See id.

_____

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

4

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts.   Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts.  See 28 U.S.C. § 2254(e)(1).   While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence.   See id.  Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings.   See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.     Failure to Disclose Evidence**

In his first ground for relief, Petitioner argues the State failed to produce certain statements requested by his discovery motions and the trial court abused its discretion in allowing the State to use out-of-court statements allegedly made by Petitioner.  The statements of which Petitioner objects are his alleged statements made to T.B.'s stepfather at Petitioner's job site.  Petitioner explains trial counsel objected to the introduction of the statements "I'm sorry" and "I didn't know."  However, the trial court ruled the statements were not covered by Petitioner's discovery request.  Petitioner concludes "his conviction resulted from hearsay and circumstantial evidence by the prosecution's misuse of his alleged statements made out-of-court which induced suggestive alludements."

Petitioner raised this same issue in his direct appeal.  Here, the Court of Appeals applied Texas law to this issue and found:

5

Appellant filed a pretrial discovery motion requesting, among other things, that the court order the State to produce for inspection by defense counsel "[a]ll statements of a nature as would be arguably admissible as a 'res gestae' statement, spontaneous statement, or other utterance which the State intends to introduce in its case in chief." Appellant also filed a pro se discovery motion asking that the State be ordered to disclose "[a]ll statements, written or oral, and any evidence of acts amounting to statements alleged to have been made by Defendant." There is no indication in the record that either motion was presented to or granted by the court. In similar contexts, it has been held that a request for notice in the form of a discovery motion addressed to the trial court is ineffective unless granted. See Mitchell v. State, 982 S.W.2d 425, 427 (Tex. Crim. App. 1998); Espinosa v. State, 853 S.W.2d 36, 39 (Tex. Crim. App. 1993). As the court noted in Espinosa, "[a] discovery motion is not otherwise productive until it is ruled upon by the trial court." 853 S.W.2d at 38. No violation is shown because no order granting the discovery motions is shown.

Williams v. State, No. 03-02-00561-CR, 2004 WL 635262, *1-2 (Tex. App.–Austin 2004).

Petitioner fails to show the trial court erred by admitting his statements in light of the fact his discovery motions had not been presented to or granted by the trial court. In any event, it is not "the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "In reviewing state court evidentiary rulings, the federal habeas court's role 'is limited to determining whether a trial judge's error is so extreme that it constituted denial of fundamental fairness" under the Due Process Clause' " of the Fourteenth Amendment. Castillo v. Johnson, 141 F.3d 218, 222, 224 (5th Cir. 1998) (instructing that "[f]ederal habeas corpus review is limited to errors of constitutional dimension, and federal courts do not sit to review the mere admissibility of evidence under state law"). Thus, the erroneous admission of prejudicial testimony does not justify habeas relief unless the evidence played a "crucial, critical, and highly significant" role in the jury's determination. Little v. Johnson, 162 F.3d 855, 862 (5th Cir. 1998).

The victim testified in detail of the criminal acts committed by Petitioner.  The victim estimated she had sex with Petitioner over 20 times.  3 SF 14.  The victim explained on some occasions she and Petitioner would have sex three or four times a night.  3 SF 54.  The 14-year-old victim indicated she loved Petitioner and it was not his fault.  3 SF 54.  She did not think Petitioner should be prosecuted.  3 SF 54.

In light of the victim's testimony, Petitioner's brief statements made during the confrontation with the victim's stepfather did not play a crucial, critical and highly significant role in the jury's determination that he sexually assaulted a child and committed other acts of indecency with that child.  As such, Petitioner fails to demonstrate a due process violation in connection with the trial court's evidentiary rulings.  Absent such a showing, Petitioner has not established the state court's decision to reject his claim was contrary to or involved an unreasonable application of clearly established precedent. Therefore, Petitioner is not entitled to federal habeas corpus relief on this issue.

**C.**     **Violation of the Double Jeopardy Clause**

In his second ground for relief, Petitioner argues his convictions for sexual assault, indecency with a child by exposure, and indecency with a child by contact violate the United States Constitution's prohibition against double jeopardy.  Specifically, Petitioner alleges he has been subjected to multiple punishments for the same offense.  Petitioner raised this same issue in his application for state writ of habeas corpus and raised a related claim in his direct appeal.  The state courts rejected the merits of Petitioner's claim.

The Double Jeopardy Clause provides "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb."  The Supreme Court has interpreted the clause to protect

against multiple prosecutions and multiple punishments for the "same offence." United States v. Cruce, 21 F.3d 70, 72 (5th Cir. 1994) (citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). The focus is the "offense" for which the defendant is prosecuted and punished, not the particular conduct criminalized by that offense. See United States v. Flores-Peraza, 58 F.3d 164, 165-66 (5th Cir. 1995). "[T]he test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). Unless each statute requires proof of at least one factual element not also found in the other statute, the statutes "fail" the Blockburger test and the defendant may not be punished under both statutes absent "a clear indication of contrary legislative intent." Flores-Peraza, 58 F.3d at 166 (quoting Whalen v. United States, 445 U.S. 684, 692 (1980)).

Texas courts have applied the Blockburger test to a number of similar cases raising double jeopardy challenges to child indecency and sexual assault convictions. In Ochoa v. State, 982 S.W.2d 904 (Tex. Crim. App. 1998), the evidence showed the defendant sexually assaulted a child by penetrating the anus. Id. at 907. There was no proof of additional offenses. Id. On this evidence, the jury convicted the defendant of both aggravated sexual assault of a child by penetration and indecency with a child by contact. Id. The Texas Court of Criminal Appeals concluded, under the circumstances, indecency with a child by contact was a lesser included offense of aggravated sexual assault and a violation of the double jeopardy prohibition. Id. at 908.

On the other hand, in Hutchins v. State, 992 S.W.2d 629 (Tex. App. – Austin 1999, pet. ref'd), the court upheld convictions for aggravated sexual assault and child indecency where the defendant touched the victim's genitals with his fingers before penetration of the victim's female sexual organ with his penis. Id. at 633. The court held that while the two acts were committed in

close temporal proximity, the defendant's touching of the victim's genitals with his fingers was a separate and distinct act from his penetration of her female sexual organ with his penis. Id.  As the defendant's conviction for indecency was not based on the same conduct underlying his conviction for aggravated sexual assault, the court held that there was no violation of the Double Jeopardy Clause.  Id.  See also Quinn v. State, 991 S.W.2d 52 (Tex. App. – Fort Worth 1998, pet. ref'd) (convictions for aggravated sexual assault and child indecency were upheld where each conviction for aggravated assault and child indecency required proof that the others did not); Murray v. State, 24 S.W.3d 881 (Tex. App. – Waco 2000, pet. ref'd) (convictions for aggravated sexual assault and indecency with a child upheld because the evidence demonstrated that the defendant committed two separate acts – penetrating the victim's female sexual organ with his finger and touching her genitals with his tongue).

Petitioner was convicted of three offenses:  (1) sexual assault of a child by causing the penetration of the female sexual organ of T.B. by his sexual organ on or about April 23, 2001; (2) indecency with a child by contact by causing T.B. to touch his genitals on or about April 23, 2001; and (3) indecency with a child by exposure by exposing his genitals to T.B. on or about April 23, 2001.

Because the indictment references April 23, 2001, for all three counts, Petitioner contends all of the offenses must have occurred on the same date.  However, Petitioner fails to recognize the indictment clearly states the offenses occurred "on or about" April 23, 2001.  The "on or about" language allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment or return of the indictment and within the statutory limitations period.  Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); Scoggan v. State, 799 S.W.2d

679, 680 n.3 (Tex. Crim. App. 1990). When an indictment alleges that some relevant event transpired "on or about" a particular date, the accused is put on notice to prepare for proof that the event happened at any time within the statutory limitation period.  Garcia v. State, 981 S.W.2d 683, 685-86 (Tex. Crim. App. 1998) (purpose of specifying date is to show that the prosecution is not barred by statute of limitations); Thomas v. State, 753 S.W.2d 688, 692 (Tex. Crim. App. 1988); Ferrell v. State, 968 S.W.2d 471, 473 (Tex. App.-Fort Worth 1998, pet. ref'd) (involving allegations of aggravated sexual assault of a child and indecency with a child).

Under the facts of Petitioner's case, the court of appeals found that there is substantial evidence that Petitioner engaged in separate and distinct acts of penetration, touching and exposure. Williams v. State, No. 03-02-00561-CR, 2004 WL 635262 at *4 (Tex. App.–Austin 2004).  The court concluded Petitioner was not subjected to multiple punishment for the same conduct.  The state habeas court similarly concluded that Petitioner failed to show the three offenses were the same for double jeopardy purposes.  Ex parte Williams, Appl. No. 63,136-01 at 106.

The evidence at trial showed that sexual assaults and indecencies with a child occurred on a number of occasions after April 23, 2001.  Those acts occurred in Petitioner's car, a motel, Petitioner's residence and a storage building at Petitioner's place of work. Petitioner's acts can be differentiated as separate and distinct offenses and are not barred by double jeopardy.  Accordingly, the Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

**D.     Ineffective Assistance of Counsel**

In his third ground for relief, Petitioner argues he was denied effective assistance of counsel, because counsel "fail[ed] to subject the prosecution's case to a 'meaningful adversarial testing'."

10

Specifically, Petitioner claims counsel was ineffective for failing to present a "promiscuity defense." Petitioner raised this same issue in his state application for writ of habeas corpus. The state courts rejected the merits of Petitioner's claim.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

<u>Id.</u> at 687, 104 S. Ct. at 2064. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. <u>Id.</u> at 686-689, 104 S. Ct. 2064-65. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Id.</u> at 689, 104 S. Ct. at 2065. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." <u>Id.</u> (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. <u>Id.</u> at 695-97, 104 S. Ct. at 2069. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a

convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 687, 104 S. Ct. at 2064.

Petitioner cannot show counsel was deficient, because the promiscuity defense was no longer available to Petitioner either at the time of his offense or trial.  Texas Penal Code § 22.011(d)(1) formerly provided it was a defense to sexual assault if the victim "was at the time of the offense 14 years of age or older and had prior to the time of the offense engaged promiscuously in conduct described in that subsection."  However, the promiscuity defense to sexual assault was repealed in the 1994 Penal Code.  Acts 1993, 73rd Leg., ch. 900, § 1.101, eff. Sept. 1, 1994.  Petitioner did not commit his offense until 2001.  Consequently, counsel was not deficient in failing to raise this defense.

Petitioner also claims that evidence of the victim's sexual history should have been admitted pursuant to Texas Rules of Evidence 412.  However, as found by the state habeas court, the evidence would not be admissible under the specific requirements of Subsection (b) of that rule, and even if the evidence were admissible, it would not have changed the outcome of the case.  Ex parte Williams, Appl. No. 63,136-01 at 106.  The state habeas court concluded Petitioner's trial counsel was not ineffective.  Id.  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

**E.      Insufficient Evidence to Support Convictions**

In his final ground for relief Petitioner argues the prosecution's evidence was factually insufficient to sustain a conviction. Petitioner raised this same issue in his state application for habeas corpus relief and in his direct appeal. The state courts rejected the merits of Petitioner's claim.

The court of appeals noted that by challenging only the factual sufficiency of the evidence, Petitioner conceded it was legally sufficient to sustain the jury's verdict. Williams v. State, No. 03-02-00561-CR, 2004 WL 635262 at *1 (Tex. App.– Austin 2004). The state habeas court did not make any specific findings or conclusions with regard to Petitioner's factual sufficiency claim. Ex parte Williams, Appl. No. 63,136-01 at 106. The Court of Criminal Appeals denied Petitioner's application without written order on the findings of the trial court without a hearing. Id. at cover. Although the Court of Criminal Appeals stated no reasons when it denied habeas relief, that court has long held that the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding. West v. Johnson, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996), cert. denied, 520 U.S. 1242, 117 S. Ct. 1847 (1997); Ex parte McLain, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). Indeed, the Court of Criminal Appeals recently reaffirmed that where a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because it was not cognizable. Ex parte Grigsby, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Thus, this procedural default in the state courts procedurally bars this Court from addressing the merits of Petitioner's sufficiency claim. Ylst v. Nunnemaker, 501 U.S. 797, 801-07, 111 S. Ct. 2590 (1991).

13

Moreover, a claim based on factually insufficient evidence is not cognizable under 28 U.S.C. § 2254. Under Texas law, intermediate appellate courts have the authority to review fact questions in criminal cases. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). This "factual sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979). Instead of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." Clewis, 922 S.W.2d at 129. The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority. Id. at 129-30; Bigby v. State, 892 S.W.2d 864, 874-75 (Tex. Crim. App. 1994), cert. denied, 515 U.S. 1162, 115 S. Ct. 2617 (1995). There is no corresponding right of review under the United States Constitution.

Respondent does not acknowledge that Petitioner is raising a factual sufficiency claim and instead addresses the merits of a legal sufficiency claim. Even if Petitioner had properly raised a legal sufficiency claim, he would not be entitled to habeas corpus relief.

Petitioner was convicted of sexual assault of a child, indecency with a child by contact and indecency with a child by exposure. Under Texas law, a person commits sexual assault of a child if the victim is younger than 17 years and the person intentionally or knowingly  (1) causes the penetration of the anus or female sexual organ of a child by any means; (2) causes the penetration of the mouth of a child by the sexual organ of the actor; (2) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; (4)

14

causes the anus of a child to contact the moth, anus, or sexual organ of another person, including the

actor; or (5) causes the mouth of a child to contact the anus or sexual organ of another person,

including the actor.  TEX. PENAL CODE § 22.011(2).  A person commits indecency with a child if the

victim is younger than 17 years and the person (1) engages in sexual contact with the child or (2)

exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or

gratify the sexual desire of any person.  TEX. PENAL CODE § 21.11.

As explained by Respondent, the State presented the testimony of the victim, T.B., who

stated she and Petitioner had engaged in sexual activity on numerous occasions, in numerous

locations.  The State also put on the testimony of the victim's stepfather, who testified that when he

confronted Petitioner at Rent-a-Wreck, Petitioner stated he did not know how young T.B. was and

that he was sorry.  3 SF 145.  The stepfather also saw Petitioner near the apartments where the family

lived.  3 SF 147.  A pediatrician examined T.B. and discovered physical evidence consistent with

the victim's description of prior intercourse.  3 SF 112.  The general manager of Rent-a-Wreck,

testified that from mid-to-late June Petitioner was coming to work almost daily with a female

companion.  3 SF 63.  He later identified T.B. as the person in Petitioner's car.  3 SF 85.  After

T.B.'s family confronted Petitioner at Rent-a-Wreck, the general manager asked Petitioner if what

people were saying about him was true, and Petitioner responded, "She told me she was 18." 3 SF

66.  Petitioner further stated to his manager that he picked T.B. up walking home from the store.  3

SF 66-67.  The manager also asked Petitioner whether he could tell that T.B. was not 18, and

Petitioner responded, "No."  3 SF 66.

Petitioner claims T.B. was an unreliable witness because of various inconsistencies in her

testimony.  However, as explained by Respondent, the Court must defer to the jury's credibility

determinations.  Under <u>Jackson</u>, "the assessment of the credibility of witnesses is generally beyond the scope of review."  <u>Schlup v. Delo</u>, 513 U.S. 298, 330, 115 S. Ct. 851 (1995). "Determining the weight and credibility of the evidence is within the sole province of the jury."  <u>United States v. Martinez</u>, 975 F.2d 159, 161 (5th Cir. 1992).  Courts view "any required credibility determinations in the light most favorable to the guilty verdict."  <u>United States v. Wise</u>, 221 F.3d 140, 154 (5th Cir. 2000).  They do not "second-guess[ ] the weight or credibility given the evidence."  <u>United States v. Ramos-Garcia</u>, 184 F.3d 463, 465 (5th Cir. 1999). The <u>Jackson</u> standard applies whether the evidence is direct or circumstantial.  <u>United States v. Scott</u>, 159 F.3d 916, 920 (5th Cir. 1998).

Petitioner also claims the police failed to properly investigate the case by not securing DNA evidence from his car, his apartment or the storage shed or making an effort to find the motel.  As explained by Detective Kelly, T.B. had showered and cleaned up before she came to the police station, so officers could not obtain DNA samples when they took her statement.  3 SF 89. Detective Kelly also stated that finding a defendant's semen in his own car or in his own home would not necessarily lend credence to the case.  3 SF 100.

Viewing all the evidence in this case in the light most favorable to the verdict, the Court finds that the evidence was sufficient to prove beyond a reasonable doubt that Petitioner committed sexual assault of a child, indecency with a child by contact and indecency with a child by exposure.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 31st day of August, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

17